**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

VS.   CASE NO: 6:22-cr-102-WWB-RMN

BRIAN PATRICK DURNING
_____/

### ORDER

THIS CAUSE is before the Court on the Government's Motion to Allow Use of a Certified Crisis Response Canine During Jury Trial (Doc. 85) and Defendant's Objection (Doc. 87) thereto.[1]

Defendant is charged with abusive sexual contact with a minor on an aircraft (Count One), assault resulting in substantial bodily injury to a minor on an aircraft (Count Two), and assault resulting in serious bodily injury on an aircraft (Count Three), all in violation of 49 U.S.C. § 46506. (Doc. 43 at 1–3). The Government, on behalf of the child victim ("**CV**") and her parents, requests that Gio, a certified crisis response canine, be with CV at the witness stand during trial, during breaks in testimony, and before and after testimony.[2] Defendant opposes the requested relief and argues that "[t]he use of an emotional support dog during [CV's] testimony and with the knowledge of the jury would unfairly prejudice [him] by creating sympathy for [CV] and by improperly bolstering the

---

[1] The Government's Motion fails to comply with this Court's January 13, 2021 Standing Order. In the interests of justice, the Court will consider the filing, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

[2] Gio was trained as a facility dog by Assistance Dogs of the West, an accredited assistance dog organization. (Doc. 85 at 5). Gio's handler, Melody L. Tiddle, is employed by the FBI in the Office for Victim Assistance. (*Id.*).

[G]overnment's allegation that [CV] has suffered a bodily injury to her mental faculty." (Doc. 87 at 1).

"Therapy dogs may aid sexual assault victims. Benefits include decreased anxiety, reduced blood pressure, lower heart rate, decrease in depression, increased speech and memory functions, and heightened mental clarity." *United States v. Jackson*, 535 F. Supp. 3d 809, 820 (N.D. Ind. 2021) (citations omitted). When accompanying a witness or victim, Gio generally lies quietly at the witness's or victim's feet and is trained to not disturb the proceeding. CV is thirteen years old and suffers from selective mutism. The Government represents that this involuntary condition can be triggered by anxiety or stressful situations and prevents CV from communicating effectively. CV has experienced significant anxiety related to her anticipated testimony at trial, and the Government contends the presence of Gio during CV's testimony will decrease her anxiety and fear and will help facilitate her testimony.

Although the case law in this District is scarce, Courts throughout the country have permitted therapy or facility dogs in the courtroom during trial testimony, especially for minors. *See, e.g.*, *United States v. Renteria*, No. 7:20-CR-355-DC, Doc. 106 (W.D. Tex. Nov. 5, 2021) (permitting the use of a therapy dog during the testimony of a child sexual assault victim); *Spence v. Beard*, No. 14-cv-1624 BAS (KSC), 2015 WL 1956436, at *12 (S.D. Cal. Apr. 29, 2015) (holding the state court did not err by permitting the use of a therapy dog during the testimony of a child sexual assault victim); *State v. Reyes*, 505 S.W.3d 890, 897 (Tenn. Crim. App. 2016) (finding no abuse of discretion in permitting the use of a facility dog during the testimony of a child sexual assault victim); *State v. Hasenyager*, 67 N.E.3d 132, 135 (Ohio Ct. App. 2016) (same); *State v. Dye*, 309 P.3d

1192, 1194, 1200 (Wash. 2013) (finding no abuse of discretion in permitting the use of a facility dog during the testimony of an adult residential burglary victim who had a mental age between six and twelve years); *cf. United States v. Gardner*, No. 16-cr-20135, 2016 WL 5404207, at *8 (E.D. Mich. Sept. 28, 2016) (permitting the use of a facility dog outside the courtroom and in attorney conference rooms but not during the testimony of victim who was an adult at the time of trial).  This is consistent with the law in Florida, which provides that "when taking the testimony of a victim or witness under the age of 18," courts may permit "the use of a therapy animal or facility dog[ ] in any proceeding involving a sexual offense[.]"  Fla. Stat. § 92.55(5).

      To the extent Defendant argues the presence of Gio would prejudice Defendant's right to a fair trial by creating sympathy and bolstering the Government's argument that CV has suffered a mental injury, this Court disagrees.  Rather, the Court finds the use of a facility dog to be equally, if not more, neutral than the use of an adult attendant, which CV is entitled to when testifying.  18 U.S.C. § 3509(i); *see also People v. Johnson*, 889 N.W.2d 513, 525 (Mich. Ct. App. 2016) (concluding that "use of a support animal is more neutral, and thus less prejudicial, than the use of a support person," in aiding a child victim when testifying and that "[t]he use of a support animal in appropriate circumstances is . . . not inherently prejudicial).  Moreover, Defendant has not offered any authority for the proposition that the Government must provide evidence that the use of a facility dog is medically necessary.  *See Renteria*, Doc. 106 at *3–6 (permitting the use of a therapy dog during the testimony of a child sexual assault victim without evidence of medical necessity).

The Court is satisfied that Gio will provide CV emotional support and assist CV in communicating, thereby promoting the ends of justice. However, to mitigate any prejudice to Defendant, the Court will use procedures to minimize the dog's presence before the jury, and the Court, at Defendant's discretion, will instruct the jury not to draw any inference in favor or against either side due to the dog's presence.

Accordingly, it is **ORDERED** and **ADJUDGED** that the Government's Motion to Allow Use of a Certified Crisis Response Canine During Jury Trial (Doc. 85) is **GRANTED**.

**DONE AND ORDERED** in Orlando, Florida on June 9, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record