UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 6:22-cr-102-WWB-RMN

BRIAN PATRICK DURNING

**DEFENDANT'S RESPONSE TO UNITED STATES' NOTICE OF INTENT TO CALL EXPERT WITNESS AND MOTION FOR CONTINUANCE SHOULD THE <u>EXPERT BE PERMITTED TO TESTIFY</u>**

The Defendant, Brian Patrick Durning, by and through counsel, Jeremy Lasnetski of Lasnetski Gihon Law, respectfully submits this Response to United States' Notice of Intent to Call Expert Witness (Doc. 96). The Government seeks to call Dr. Mary Tramontin to testify as an expert witness regarding voluntary intoxication of Mr. Durning from the use of alcohol and Ambien. However, the defense has not requested a voluntary intoxication jury instruction or an involuntary intoxication jury instruction and therefore Dr. Tramontin's testimony is not relevant to any fact at issue. Dr. Tramontin's testimony is also inadmissible under Fed.R.Crim.Proc. 12.2(c)(4). Therefore, Mr. Durning objects to the government calling Dr. Tramontin as a witness. Should the Court allow Dr. Tramontin to testify, the defense respectfully requests a sixty (60) day continuance to allow Mr. Durning time to properly prepare for Dr. Tramontin's testimony.

**<u>BACKGROUND</u>**

The Defendant is charged with three counts in a Superseding Indictment - Count I: Abusive Sexual Contact with a child (18 U.S.c. §2244(a)(3)), Count II: Assault Resulting in Substantial Bodily Injury to an Individual who has not Attained the age of 16

years (18 U.S.C. §113(a)(7)), and Count III: Assault Resulting in Serious Bodily Injury (18 U.S.C. §113(6)). (Doc. 43). The Government intends to admit the testimony of Dr. Mary Tramontin as to Count I - Abusive Sexual Contact with a child.

## MEMORANDUM

The government intends to call Dr. Mary Tramontin to establish that Mr. Durning's "claims of ingesting Ambien are not supported." (Doc. 96). The government further intends to call Dr. Tramontin to testify regarding Mr. Durning's reported consumption of alcohol and what effect that consumption had on his ability to [sic] form conscious decisions." (Id.)

## FEDERAL RULE OF CRIMINAL PROCEDURE 12.2(C)(4)

Dr. Tramontin's testimony is inadmissible under Fed.R.Crim.P. 12.2(c)(4), which states that, "[n]o statement made by a defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), *no testimony by the expert based on the statement,* and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant: (A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1), or (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2). [emphasis added].

Mr. Durning agreed to allow the government's expert to interview and evaluate Mr. Durning during plea negotiations and for the purpose of the government conducting a Rule 12.2 mental examination. It was the understanding of both parties that the

evaluation was pursuant to Rule 12.2 requirements. (Doc. 59, FN 1)[1] The defense does not intend to introduce evidence requiring notice under Rule 12.2(a) or (b)(1), therefore Dr. Tramontin's testimony is inadmissible under Rule 12.2(c)(4).

The purpose of Rule 12.2(c) is to secure the defendant's Fifth Amendment right against self-incrimination. *United States v. Troya*, 733 F.3d 1125, 1138 (11th Cir. 2013). This is because a defendant may make incriminating statements during the course of the examination, which may not be later used against him. *Estelle v. Smith*, 451 U.S. 454 (1981). Mr. Durning provided statements over the course of two days to a government expert witness in an attempt to provide Rule 12.2 information that would aid in plea negotiations. Therefore, Mr. Durning's statements and Dr. Tramontin's testimony which rely on those statements are inadmissible under the Fifth Amendment privilege against self incrimination and under Rule 12.2(c)(4). Furthermore, statements made by Mr. Durning to Dr. Tramontin are inadmissible under Fed.R.Evid. 410 as a statement made during plea discussions. Mr. Durning agreed to be evaluated and interviewed by the government's expert for the purpose of plea negotiations.

## **FEDERAL RULE OF EVIDENCE 702**

Federal Rule of Evidence 702 controls determinations of the admissibility of expert testimony. Expert testimony may be admitted if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods ot the facts of the case.

---

[1] In Doc 59, FN 1 the government states, "[a]lthough the defendant has not yet filed a Rule 12.2(b) notice, it is the undersigned's understanding based on conversations with defense counsel that such notice is forthcoming").

3

Fed.R.Evid. 702.  The burden of establishing that the expert is qualified, the information is reliable and the information is helpful rests on the proponent of the expert opinion. *United States v. Frazier*, 387 F.3d. 1244, 1260 (11th Cir. 2004).

Here, Dr. Tramontin's testimony will not help the trier of fact understand the evidence or to determine a fact in issue.  The government intends to admit Dr. Tramontin's testimony as it relates to Count I only.  As to Count I, the government must prove that Mr. Durning acted "knowingly" in engaging in sexual contact with the person.  18 U.S.C. §2244.  There will be no evidence or argument that Mr. Durning's intoxication, either by alcohol or Ambien, affected his ability to act knowingly.

In regards to the government's intention to call Dr. Tramontin to establish that Mr. Durning's claims of ingesting Ambien are not supported, the only evidence of ingestion of Ambien comes from Mr. Durning's own statements.  In order to call Dr. Tramontin to testify that in her opinion, Mr. Durning did not take Ambien, the government would have to admit evidence that Mr. Durning stated that he took Ambien.  Therefore, the government would be offering the very evidence it is concerned with having to rebut.

In regards to the government's intention to call Dr. Tramontin to testify about Mr. Durning's ability to form conscious decisions based on his level of intoxication, this evidence would only be relevant if Mr. Durning were arguing that alcohol consumption and/or Ambien ingestion negated the specific intent in Count I.  Mr. Durning will not be making that argument or presenting any evidence to establish voluntary intoxication.  Dr. Tramontin's testimony will confuse the jury by discussing the effect of Ambien and or alcohol on Mr. Durning's ability to act knowingly, which will not be at issue in this case.

## **FAILURE TO COMPLY WITH RULE 16 NOTICE REQUIREMENTS**

Fed. R.Crim.Proc. 16(a)(1)(g) requires the government to disclose to the defendant, in writing the following information for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief or during rebuttal. The government must disclose (a) a complete statement of all opinions that the government will elicit from the witness, (b) the bases and reasons for them, (c) the witness's qualifications, including a list of all publications authored in the previous 10 years; and (d) a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition. Fed.R.Crim.Proc. 16(a)(1)(g)(iii).

Rule 16(a)(1)(g)(ii) provides that the court by order or local rule must set a time for the government to make its disclosures. The Court, in Criminal Scheduling Order (Doc. 32) required the government to disclose to the defendant within fourteen (14) days from the date of the Order a written summary of any testimony that the government intends to use under Fed.R.Evid. 702, 703, or 705. (Doc. 32). Doc. 32 was issued on July 14, 2022. Provision W of the Criminal Scheduling Order provides a continuing obligation to disclose information within seven (7) days of the information coming into the possession of counsel.

At the status conference held on May 18th, 2023, the Court provided a deadline of May 19th for the government to provide Dr. Tramontin's report to the defense. The Court stated that it would consider a motion to continue the case should the need arise after the report was obtained by the defense. The defense received the report on May 22, 2023, after the Court's deadline. The report fails to comply with Rule 16(a)(1)(g)(iii)

in that it fails to list the witnesses qualifications, including a list of all publications authored in the previous 10 years and (d) a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or deposition. Based on this failure to comply with Rule 16(a)(1)(g)(iii), the defense objects to the government's calling Dr. Tramontin.

Should the Court determine that Dr. Tramontin's testimony is admissible, Mr. Durning moves to continue the case for a period of sixty (60) days, to provide a deadline for the government to comply with Rule 16(a)(1)(g)(iii) and to provide Mr. Durning with enough time to investigate and prepare for trial based on the information provided in the report and based on the need for the information required by Rule 16(a)(1)(g)(iii) that has not been provided. Dr. Tramontin's report is a 26 page report that was disclosed after the deadline of May 19th and within one month of trial. The government also disclosed over 6 ½ hours of recorded statements made by Mr. Durning to Dr. Tramontin. These recordings were not received until the business day on May 24th, 2023, less than 30 days before trial.

As Mr. Durning does not intend to raise a voluntary intoxication or involuntary intoxication defense, defense counsel did not move for a continuance of the current trial, however, if Dr. Tramontin is permitted to testify, defense counsel and defense counsel's expert will need more time to review the significant amount of information provided in Dr. Tramontin's report and two days worth of recorded client statements in order to properly prepare for her testimony.

## CONCLUSION

Mr. Durning objects to the government's calling Dr. Mary Tramontin to testify and if the Court permits Dr. Tramontin to testify, requests the Court to order the government to comply with Rule 16 and to grant a sixty (60) day continuance to provide Mr. Durning with an opportunity to investigate and prepare for trial based on Dr. Tramontin's recently disclosed report and videotaped statements of Mr. Durning.

**WHEREFORE,** the Defendant, BRIAN PATRICK DURNING, respectfully requests that this Honorable Court exclude Dr. Mary Tramontin from testifying in this matter.

Respectfully submitted,

By: *s/Jeremy Lasnetski*
JEREMY LASNETSKI
Florida Bar No. 512524
Lasnetski Gihon Law
121 W. Forsyth St., Ste. 520
Jacksonville, Florida 32202
Telephone: (904) 642-3332
Facsimile: (904) 685-4580
Email:Jeremy@lglawflorida.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michael Felicetta, Esquire, Assistant U.S. Attorney, United States Attorney's Office, and Courtney Richardson-Jones, Assistant United States Attorney, United States Attorney's Office.

*s/Jeremy Lasnetski*
Jeremy Lasnetski, Esquire
Florida Bar No.: 512524
Lasnetski Gihon Law
121 W. Forsyth St., Ste. 520
Jacksonville, Florida 32202
Telephone: (904) 642-3332

                                                        Facsimile: (904) 685-4580  
                                                        Email:Jeremy@lglawflorida.com