**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

VS. CASE NO: 6:22-cr-102-WWB-RMN

BRIAN PATRICK DURNING
______________________________/

**ORDER**

THIS CAUSE is before the Court on Defendant's Response to United States' Notice of Intent to Call Expert Witness and Motion for Continuance Should the Expert be Permitted to Testify (Doc. 98), Defendant's Response to United States' Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b) (Doc. 99), and the Government's Response (Doc. 104).[1] Defendant is charged with abusive sexual contact with a minor on an aircraft (Count One), assault resulting in substantial bodily injury to a minor on an aircraft (Count Two), and assault resulting in serious bodily injury on an aircraft (Count Three), all in violation of 49 U.S.C. § 46506. (Doc. 43 at 1–3).

"A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (quotation omitted).

---

[1] On June 11, 2023, the Government filed a Notice of Intent to Call Expert Witness (Doc. 96) and Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b) (Doc. 97). Based on Defendant's requests for relief, the Court construes Defendant's Responses (Doc. Nos. 98, 99) as motions in limine.

"The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.*

Defendant seeks to exclude the expert testimony of Dr. Mary Tramontin regarding Defendant's voluntary intoxication from the use of alcohol and Ambien as inadmissible under the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. Alternatively, in the event Dr. Tramontin is permitted to testify, Defendant requests a sixty-day continuance.

First, Defendant asserts the expert testimony is inadmissible under Federal Rule of Criminal Procedure 12.2, which requires a defendant to give notice prior to trial of his intention "to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt." Fed. R. Crim. P. 12.2.(b). Rule 12.2 also provides a mechanism for the Government to request that the defendant undergo an independent medical evaluation but prohibits the admission of Defendant's statements made during the examination, expert testimony based on Defendant's statements, or other fruits of the statements "except on an issue regarding mental condition on which the defendant . . . has introduced evidence or incompetency[.]" Fed. R. Crim. P. 12.2(c).

Here, the Government seeks to introduce Dr. Tramontin's testimony to rebut evidence that Defendant was unable to form the requisite intent to commit the charged crimes due to alcohol and Ambien use. Contrary to Defendant's arguments, and regardless of whether Defendant has requested a jury instruction on involuntary or voluntary intoxication, Dr. Tramontin will be permitted to testify to rebut any evidence of incompetency Defendant introduces into evidence. To the extent Defendant argues that

Dr. Tramontin's testimony that relies on Defendant's statements is inadmissible under Federal Rule of Evidence 410 as a statement made during plea discussions, Defendant has not offered any legal authority for the proposition that a medical evaluation conducted pursuant to Rule 12.2 constitutes plea negotiations.

Second, Defendant asserts the expert testimony is inadmissible under Federal Rule of Evidence 702, which permits "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" to provide opinion testimony in limited circumstances. Expert opinion testimony is admissible if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Defendant contends Dr. Tramontin's testimony will not help the trier of fact understand the evidence or to determine a fact in issue because "[t]here will be no evidence or argument that [Defendant's] intoxication, either by alcohol or Ambien, affected his ability to act knowingly." (Doc. 98 at 4). Whether Defendant acted knowingly is a required element of Count I. *See* 18 U.S.C. § 2244. The parties also do not dispute that Defendant consumed alcohol, at the least, on the date of the charged offenses. Thus, should Defendant offer any evidence of alcohol or Ambien use and its impact on Defendant's mental faculties, Dr. Tramontin's testimony will be permitted.

Third, Defendant argues the expert testimony is inadmissible due to the Government's failure to comply with Federal Rule of Criminal Procedure 16. Rule 16

requires the Government to disclose certain information regarding expert witnesses including the witness's qualifications, which includes a list of all publications authored in the previous ten years, and a list of all other cases in which the witness has testified as an expert at trial or by deposition in the previous four years. At the May 18, 2023 status conference, the Court ordered the Government to provide Defendant with a copy of Dr. Tramontin's expert report and the recorded interview on or before May 19, 2023. (Doc. 81 at 1). The Government did not, however, receive a copy of the expert report until May 22, 2023, and provided Defendant with a copy of the report that day; on May 24, 2023, the Government provided Defendant a copy of the recorded interview. (Doc. 84 at 1; Doc. 98 at 6). The Government has already provided Dr. Tramontin's curriculum vitae with a list of publications and is coordinating the preparation and delivery of a list of the cases in which Dr. Tramontin has testified as an expert in the previous four years. (Doc. 104 at 3). These circumstances do not warrant a sixty-day continuance. Defendant has been aware of Dr. Tramontin's involvement in this case for some time and cannot wait until the eve of trial to seek a continuance. Defendant has received the majority of the pertinent information, and the Government is directed to provide the Defendant with the remaining information no later than the close of business June 16, 2023.

Next, Defendant seeks to exclude evidence of Defendant's arrest on December 30, 2017, for public intoxication. Pursuant to Federal Rule of Evidence 404(b), the Government seeks to introduce body camera footage of Defendant in an "extremely intoxicated condition" to establish a "baseline comparison to videos of the [D]efendant on the day of [the charged] offenses[.]" (Doc. 97 at 2). Through this evidence, the

Government intends to establish that Defendant was not "extremely intoxicated" at the time of the charged offense.

Rule 404(b) provides that evidence of other crimes, wrongs, or acts is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[e]xtrinsic evidence of this nature is admissible where: (1) it is relevant to an issue other than the defendant's character, such as to prove motive, identity, preparation, knowledge, or intent; (2) sufficient evidence is presented that would allow a jury to find that the defendant committed the extrinsic act; and (3) its probative value is not substantially outweighed by the potential for undue prejudice. *United States v. Cox*, 565 F. Supp. 3d 1230, 1233 (N.D. Fla. 2021) (citing *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008)). Based on the parties' arguments, the Court is not convinced this evidence is relevant to an issue other than Defendant's character. Therefore, evidence of Defendant's arrest on December 30, 2017, for public intoxication will be excluded.

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendant's Response to United States' Notice of Intent to Call Expert Witness and Motion for Continuance Should the Expert be Permitted to Testify (Doc. 98) is **DENIED** and Defendant's Response to United States' Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b) (Doc. 99) is **GRANTED**.

**DONE AND ORDERED** in Orlando, Florida on June 16, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record