UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **Case No: 6:22-cr-102-WWB-RMN**

**BRIAN PATRICK DURNING**
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your discussions—what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION 1

### THE DUTY TO FOLLOW INSTRUCTIONS AND THE PRESUMPTION OF INNOCENCE WHEN A DEFENDANT DOES NOT TESTIFY

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant is not evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## INSTRUCTION 2

### DEFINITION OF "REASONABLE DOUBT"

The Government's burden of proof is heavy, but it does not have to prove the Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## INSTRUCTION 3

### CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal

4

difference in the weight you may give to either direct or circumstantial evidence.

## INSTRUCTION 4

### CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## INSTRUCTION 5

### *WITNESSES*

The law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

## INSTRUCTION 6

### *IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS*

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## INSTRUCTION 7

### *WITNESS'S PRIOR STATEMENT OR TESTIMONY*

If a witness is questioned about earlier statements or testimony the witness made, the questioning is permitted to aid you in evaluating the truth or accuracy of the witness's testimony at this trial.

A witness's earlier testimony or statements are not ordinarily offered or received as evidence of their truth or accuracy. They are pointed out to give you a comparison and to help you decide whether you believe the witness's testimony.

Whether those prior statements are consistent or inconsistent with the witness's trial testimony is entirely up to you.

## INSTRUCTION 8

### CONFESSION OR STATEMENT OF A SINGLE DEFENDANT

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement—including the circumstances under which it was made.

## INSTRUCTION 9

### *NOTE-TAKING*

You have been permitted to take notes during the trial. Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## INSTRUCTION 10

### *INTRODUCTION TO OFFENSE INSTRUCTIONS*

The Superseding Indictment charges three separate crimes, called "counts," against the Defendant. Each count has a number. You will be given a copy of the Superseding Indictment to refer to during your deliberations.

Count One charges the Defendant with abusive sexual contact with a child, Count Two charges the Defendant with assault resulting in substantial bodily injury to an individual who has not attained the age of 16 years, and Count Three charges the Defendant with assault resulting in serious bodily harm. I will explain the law governing those offenses in a moment.

## INSTRUCTION 11

### *CONJUNCTIVELY CHARGED COUNTS*

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

## INSTRUCTION 12

### ON OR ABOUT; KNOWINGLY; WILLFULLY

You will see that the Superseding Indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

## INSTRUCTION 13

### COUNT ONE: ABUSIVE SEXUAL CONTACT
### 18 U.S.C. § 2244(A)(3)

It is a federal crime for anyone within the territorial jurisdiction of the United States to engage in or to cause sexual contact with a person who is at least 12 years old but younger than 16 and is at least four years younger than the person engaging in or causing the contact.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)   the Defendant knowingly engaged in sexual contact with Z.B.;

(2)   at the time, Z.B. was at least 12 years old but less than 16 years old;

(3)   at the time, Z.B. was at least four years younger than the Defendant; and

(4)   the acts occurred within the territorial jurisdiction of the United States.

The Government does not need to prove that the Defendant knew the victim's age or knew what the requisite age difference was.

In the context of sexual contact, the term "sexual act" means:

- contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

- contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

15

- the penetration—however slight—of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person.

If you find beyond a reasonable doubt that the offense occurred at the location alleged and described in the Superseding Indictment, that location is within the special maritime or territorial jurisdiction of the United States.

The Court finds as a matter of law that an aircraft in flight in the United States is within the territorial jurisdiction of the United States.

An aircraft is "in flight" from the moment all external doors are closed after the passengers have boarded through the moment when one external door is opened to allow passengers to leave the aircraft. For purposes of this crime, an aircraft does not have to be airborne to be in flight.

## INSTRUCTION 14

### COUNT ONE: LESSER INCLUDED OFFENSE

In some cases, a defendant is charged with breaking a law that actually covers two separate crimes.

A "lesser included offense" is a crime that is not as serious as the other crime a defendant is charged with.

If you find the Defendant not guilty of the crime of Abusive Sexual Contact as charged in Count One, you must determine whether the Defendant is guilty of the lesser included offense of Simple Assault.

Proof of the lesser included offense of Simple Assault requires proof beyond a reasonable doubt of the facts necessary to prove the crime charged in Count One, except that the Defendant knowingly engaged in contact of a sexual nature; at the time, Z.B. was at least 12 years old but less than 16 years old; and at the time, Z.B. was at least four years younger than the Defendant.

Specifically, before the Defendant can be found guilty of Simple Assault, you must find beyond a reasonable doubt that:

(1)    the acts occurred within the territorial jurisdiction of the United States; and

(2)    the Defendant intentionally assaulted Z.B.

17

An "assault" can be a battery, an attempted battery, or an act that puts another in reasonable apprehension of receiving immediate bodily harm. A "battery" means a willful, offensive touching, however slight, regardless of the intent to do physical harm.

## INSTRUCTION 15

### COUNT TWO: ASSAULT RESULTING IN SUBSTANTIAL BODILY INJURY TO AN INDIVIDUAL WHO HAS NOT ATTAINED THE AGE OF 16 YEARS
### 49 U.S.C. § 46506 AND 18 U.S.C. § 113(A)(7)

It is a federal crime to assault a person who has not attained 16 years of age on an aircraft in flight in the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the acts occurred within the territorial jurisdiction of the United States;

(2)    the Defendant intentionally assaulted Z.B.;

(3)    as a result of the assault, Z.B. suffered a substantial bodily injury; and

(4)    at the time of the assault, Z.B. had not attained the age of 16 years.

If you find beyond a reasonable doubt that the offense occurred at the location alleged and described in the Superseding Indictment, that location is within the special maritime or territorial jurisdiction of the United States.

The Court finds as a matter of law that an aircraft in flight in the United States is within the territorial jurisdiction of the United States.

An aircraft is "in flight" from the moment all external doors are closed after the passengers have boarded through the moment when one external

door is opened to allow passengers to leave the aircraft. For purposes of this crime, an aircraft does not have to be airborne to be in flight.

An "assault" can be a battery, an attempted battery, or an act that puts another in reasonable apprehension of receiving immediate bodily harm. A "battery" means a willful, offensive touching, however slight, regardless of the intent to do physical harm.

"Substantial bodily injury" means bodily injury which involves a temporary but substantial disfigurement; or a temporary but substantial loss or impairment of the function of any bodily member, organ, or mental faculty.

The Government does not need to prove that the Defendant knew the victim's age.

## INSTRUCTION 16

### COUNT TWO: LESSER INCLUDED OFFENSE

If you find the Defendant not guilty of the crime of Assault Resulting in
Substantial Bodily Injury to an Individual who has not Attained the Age of 16
Years as charged in Count Two, you must determine whether the Defendant
is guilty of the lesser included offense of Simple Assault.

Proof of the lesser included offense of Simple Assault requires proof
beyond a reasonable doubt of the facts necessary to prove the crime
charged in Count Two, except as a result of the assault, Z.B. suffered a
substantial bodily injury; and at the time of the assault, Z.B. had not attained
the age of 16 years.

Specifically, before the Defendant can be found guilty of Simple
Assault, you must find beyond a reasonable doubt that:

(1)    the acts occurred within the territorial jurisdiction of the United
States; and

(2)    the Defendant intentionally assaulted Z.B.

An "assault" can be a battery, an attempted battery, or an act that puts
another in reasonable apprehension of receiving immediate bodily harm. A
"battery" means a willful, offensive touching, however slight, regardless of
the intent to do physical harm.

## INSTRUCTION 17

### COUNT THREE: ASSAULT RESULTING IN SERIOUS BODILY INJURY
### 49 U.S.C. § 46506 AND 18 U.S.C. § 113(A)(6)

It is a federal crime to assault a person on an aircraft in flight in the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

    (1)    the acts occurred within the territorial jurisdiction of the United States;

    (2)    the Defendant intentionally assaulted Z.B.; and

    (3)    as a result of the assault, Z.B. suffered a serious bodily injury.

If you find beyond a reasonable doubt that the offense occurred at the location alleged and described in the Superseding Indictment, that location is within the special maritime or territorial jurisdiction of the United States.

The Court finds as a matter of law that an aircraft in flight in the United States is within the territorial jurisdiction of the United States.

An aircraft is "in flight" from the moment all external doors are closed after the passengers have boarded through the moment when one external door is opened to allow passengers to leave the aircraft. For purposes of this crime, an aircraft does not have to be airborne to be in flight.

An "assault" can be a battery, an attempted battery, or an act that puts another in reasonable apprehension of receiving immediate bodily harm. A

22

"battery" means a willful, offensive touching, however slight, regardless of the intent to do physical harm.

"Serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

## INSTRUCTION 18

### COUNT THREE: LESSER INCLUDED OFFENSE

If you find the Defendant not guilty of the crime of Assault Resulting in Serious Bodily Injury as charged in Count Three, you must determine whether the Defendant is guilty of the lesser included offense of Simple Assault.

Proof of the lesser included offense of Simple Assault requires proof beyond a reasonable doubt of the facts necessary to prove the crime charged in Count Three, except as a result of the assault, Z.B. suffered a serious bodily injury.

Specifically, before the Defendant can be found guilty of Simple Assault, you must find beyond a reasonable doubt that:

(1)    the acts occurred within the territorial jurisdiction of the United States; and

(2)    the Defendant intentionally assaulted Z.B.

An "assault" can be a battery, an attempted battery, or an act that puts another in reasonable apprehension of receiving immediate bodily harm. A "battery" means a willful, offensive touching, however slight, regardless of the intent to do physical harm.

24

## INSTRUCTION 19

### CAUTION: PUNISHMENT

Each count of the Superseding Indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the Superseding Indictment. You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

25

## INSTRUCTION 20

### *DUTY TO DELIBERATE*

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## INSTRUCTION 21

### *VERDICT*

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

{Explain verdict}

Take the verdict forms with you to the jury room. When you have all agreed on the verdict for each Count, your foreperson must fill in the proper form, sign it, date it, and carry it. Once you have completed all of the verdict forms, then you will return them to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible— either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

27

Likewise, if you have reached a verdict, please knock on the door and inform the court security officer that you have done so without telling him or her the verdict. The court security officer will inform me. And once I gather the parties in the courtroom, we will bring you back in as a group. The foreperson will bring the verdict with them to the courtroom.

My previous instruction not to discuss the case amongst yourselves is now lifted. Once in the jury room, you may discuss the case freely.

You may now retire to deliberate your verdict.