UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                           CASE NO. 6:22-cr-102-WWB-RMN

BRIAN PATRICK DURNING

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL AS TO COUNT TWO

    The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, hereby files this response to the defendant's motion, pursuant to Fed. R. Crim. P. 29(c), for a judgment of acquittal as to Count Two of the Superseding Indictment.

    1.    On September 21, 2022, the defendant was charged in a three-count superseding indictment with Abusive Sexual Contact with a Child, in violation of 18 U.S.C. § 2244(a)(3), Assault Resulting in Substantial Bodily Injury to an Individual who has not Attained the age of 16 years, in violation of 18 U.S.C. § 113(a)(7), and Assault Resulting in Serious Bodily Harm, in violation of 18 § 113(a)(6) (Doc. 43).

    2.    On June 22, 2023, a jury found the defendant guilty of the second count, Assault Resulting in Substantial Bodily Injury to an Individual who has not Attained the age of 16 years, in violation of 18

U.S.C. § 113(a)(7). The jury found the defendant guilty of the lesser included offense of simple assault as to the two other offenses (Doc. 115).

3. At the close of the government's case, the defendant moved for a judgment of acquittal on all three counts (Doc. 112). After hearing argument, the Court denied the motion (Doc. 113).

4. On July 5, 2023, the defendant filed his motion for a judgment of acquittal on Count Two (Doc. 119).

5. For the reasons that follow, the government submits that the Court should deny the motion because his motion fails to satisfy the requirements of Rules 29(c).

I.   APPLICABLE LEGAL STANDARDS

   A.   **Standard of Review for Rule 29(c) Motion for Judgment of Acquittal**

A post-trial motion for judgment of acquittal is governed by Fed. R. Crim. P. 29(c). As the text of the Rule indicates, and as courts and other authorities have recognized, "[t]he sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction." *United States v. Miranda,* 425 F.3d 953, 962 (11th Cir. 2005) (citation and internal quotation marks omitted). "The standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, *considered in the light most favorable to the government*, is sufficient to allow a jury to find guilt beyond a

reasonable doubt." *United States v. Leonard,* 138 F.3d 906, 908 (11th Cir.1998) (emphasis added); *United States v. Lecroy,* 441 F.3d 914, 924 (11th Cir. 2006) (same). All reasonable inferences and credibility choices must be made in the government's favor. *United States v. Keller*, 916 F.2d 628, 632 (11th Cir. 1990), *cert. denied*, 499 U.S. 978 (1991). The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except guilt. A jury is free to choose among reasonable constructions of the evidence. *United States v. Ospina*, 823 F.2d 429, 433 (11th Cir. 1987), *cert. denied*, 485 U.S. 964 (1988).

**II.   ARGUMENT**

Durning has failed to satisfy his burden of showing that the evidence was insufficient to establish his guilt (Rule 29(c)). In his motion, the defendant generally parrots one or more of the arguments raised in his original motion for a judgment of acquittal to which the government has already responded, and which this Court already rejected. The motion raises no discrete or novel legal arguments or issues not already raised in defendant's arguments at trial. The government therefore incorporates herein by reference the government's response and arguments made by the government at trial concerning the same issues.

The main point made by Durning in his motion is that the evidence was insufficient to establish substantial bodily injury or to establish that the substantial bodily injury resulted from the assault. The jury unanimously found that there was

3

substantial bodily injury and that it resulted from the assault. There verdict is supported by ample evidence and should not be disturbed.

This Court instructed the jury that "substantial bodily injury means bodily injury which involves a temporary but substantial disfigurement, or a temporary but substantial loss or impairment of the function of any bodily member, organ or mental faculty." (Doc. 114, pg. 20). The jury presumably had little trouble understanding the instruction and understood the term "temporary." This is reasonable to conclude in light of their note as to count three, which asked about a more detailed description of "protracted." (*See*, Doc. 118-1). By virtue of their verdict, the jury concluded that the injuries were substantial, but not serious.

Durning acknowledges that "a substantial bodily injury and its cause can be easily proven through lay person testimony." (Doc. 119, pg. 6). Yet he posits that the same is not true for emotional or mental trauma because "[n]either the extent of the injury nor the causation are readily observable." *Id*. In the defendant's opinion, the government should have offered expert medical testimony to prove the extent of the psychological trauma caused to the victim. *Id*. Durning offers no legal support for his supposition.

Testimony from the victim's treating therapist would only have contained opinions about the victim's condition premised upon what the victim told her therapist. The jury was equally capable of drawing their own conclusions about the extent of the injuries based upon what the victim told them.

Durning summarizes (somewhat inaccurately) the testimony of the child

4

victim and her mother as the only evidence in support of her injuries caused by the defendant sexually molesting her. The testimony of a victim alone is enough to support a conviction for the cause and extent of an injury. *See, United States v. Finney*, 2021 WL 5984905, at *2 (11th Cir. Dec. 16, 2021) (victim's testimony about feelings he experienced from injury sufficient for jury to conclude bodily injury). "Determining whether an injury is serious is an issue for the jury to decide based on its 'common understanding' of the term." *United States v. Two Eagle*, 318 F.3d 785, 791 (8th Cir. 2003).

Durning conveniently ignores all of the other persuasive and cumulative evidence produced at trial that supports the jury's finding of injury and causation. Nearly every witness testified about their observations of the child victim immediately after the assault.

This included Sharon Joseph, the woman seated next to the victim who testified about her demeanor before and after the assault. Pedro Maldonado, the flight attendant who intervened after the assault, testified similarly about the victim shaking and crying. Passengers Antonio Cento and Richard Krum also testified about their observations of the child victim shaking and crying inconsolably throughout the flight.

Officer Brian Pena and Task Force Agent David D'Arcangelis similarly provided detailed testimony about the victim's observable emotional state hours after the assault when she was questioned at the Orlando airport. The jury also had the benefit of seeing the child victim on body-worn camera while she was

being questioned at the airport (Gov. Ex. 41B). In that video, the child victim can be seen shaking and crying while she explains what the defendant did to her on that flight. The jury had abundant evidence to conclude that there was substantial bodily injury, and that it was caused from the defendant's criminal conduct on that plane. Even if the injury was limited to the "temporary" period of time immediately after the assault, there was more than sufficient evidence to return this verdict. But the jury had much more, including testimony of lasting injuries that persisted one year later.

As the government previously submitted in our proposed jury instructions, the law supports a finding that the injury suffered by the child victim is not only substantial but serious. A serious bodily injury exists when the evidence establishes that, as a direct consequence of a rape (for example), the victim is emotionally disturbed and suffers a chronic mental condition. *United States v. Vazquez–Rivera*, 135 F.3d 172, 177 (1st Cir. 1998); *see also United States v. Ramirez–Burgos*, No. 96–1298, 1997 WL 268695, *7 (1st Cir. May 21, 1997) (stating that the victim was diagnosed with post-traumatic stress disorder and major depression as a result of the rape). It also constitutes serious bodily injury when a rape victim is "extremely tearful" during her testimony about the crime, and the victim has undergone at least ten months of counseling at a rape crisis center. *United States v. Lowe*, 145 F.3d 45, 53 (1st Cir. 1998). *See also United States v. Rodriguez*, No. 2:04 CR 55, 2007 WL 466752, at *15 (D.N.D. Feb. 12, 2007), *aff'd*, 581 F.3d 775 (8th Cir. 2009).

The child victim in this case, together with her mother, provided detailed testimony about the extent and duration of injuries sustained. They both explained how these injuries are directly tied to the defendant's assault and not a manifestation of some other disorder. Defense counsel created a detailed record through cross examination of the correlation between these injuries and the assault on the aircraft. The jury heard that evidence, weighed it, and concluded that Durning caused substantial bodily injury. Their reasoned verdict should not be overturned.

WHEREFORE, the government respectfully requests that this Court deny the defendant's renewed motion for a judgment of acquittal as to Count Two.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/ Michael P. Felicetta*
Michael P. Felicetta
Assistant United States Attorney
Florida Bar No. 094468
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
E-mail: Michael.Felicetta@usdoj.gov

U.S. v. BRIAN PATRICK DURNING           Case No. 6:22-cr-102-WWB-DAB

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jeremy Lasnetski, Esq.

*/s/ Michael P. Felicetta*
Michael P. Felicetta
Assistant United States Attorney
Florida Bar No. 094468
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
E-mail: Michael.Felicetta@usdoj.gov