```
 1                    UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
 2                         ORLANDO DIVISION
                      CASE NUMBER 6:22-mj-1656
 3                  CASE NUMBER 6:22-cr-102-WWB-DAB


 4   . . . . . . . . . . . . . . .
     UNITED STATES OF AMERICA,         :
 5                                      :
              Plaintiff,                :
 6                                      :     Orlando, Florida
                 v.                     :     June 24, 2022
 7                                      :     3:38 p.m.
     BRIAN PATRICK DURNING,             :
 8                                      :
              Defendant.                :
 9   . . . . . . . . . . . . . . .


10


11          TRANSCRIPT OF INITIAL APPEARANCE HEARING


12      BEFORE THE HONORABLE LESLIE R. HOFFMAN PRICE
                 UNITED STATES MAGISTRATE JUDGE
13


14   APPEARANCES:


15


16   Counsel for Government:      Emily C.L. Chang


17


18   Counsel for Defendant:       Nicole Mouakar


19


20


21   Court Reporter:      Amie R. First, RDR, CRR, CRC, CPE
                          Federal Official Court Reporter
22                        401 West Central Boulevard, Suite 4600
                          Orlando, Florida  32801
23                        AmieFirst.CourtReporter@gmail.com


24   Proceedings recorded by FTR Gold Digital Recording.


25   Transcript produced by Computer-Aided Transcription.
```

1                    **P R O C E E D I N G S**

2                              * * * * *

3          THE DEPUTY CLERK:  Case Number 6:22-mj-1656, the

4    United States of America versus Brian Patrick Durning.

5          Counsel, please state your appearances for the

6    record.

7          MS. CHANG:  Good afternoon, Your Honor.  Emily

8    Chang on behalf of the United States.

9          With me is Senior Inspector Anthony Helico of the

10   United States Marshal Service.

11         THE COURT:  Good afternoon.

12         MS. MOUAKAR:  Good afternoon, Your Honor.  Nicole

13   Mouakar on behalf of Mr. Brian Patrick Durning.

14         THE COURT:  Good afternoon.

15         Good afternoon, Mr. Durning.

16         THE DEFENDANT:  Good afternoon.

17         THE COURT:  You can go ahead and sit down, sir.

18   Thank you.

19         Mr. Durning, we're here today for what's called an

20   initial appearance.  You've been charged by way of a

21   Criminal Complaint with a violation -- with two violations

22   of federal law.

23         And what we're going to do during this proceeding,

24   sir, is we're going to briefly summarize the violations and

25   the penalties that you may be facing.  We're going to talk

 1    about some of the rights that you have and some further --

 2    and whether or not you're going to get released or detained

 3    and then further proceedings in this case.

 4          If at any point in time, Mr. Durning, you don't

 5    understand something I'm saying or you want to ask me a

 6    question, feel free to do so.  And I'll do my best to

 7    answer it.  And if I can't, I'll tell you why.

 8          And you also have Ms. Mouakar sitting next to you.

 9    She's an attorney from our Federal Public Defender's

10    Office.  If at any point in time you want to talk to her,

11    again, don't hesitate to stop me.  And I can arrange it so

12    you can speak to her confidentially for as long as you need

13    to.

14          Do you understand, sir?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Okay.  So then before I go any

17    further, I'm going to remind you of your first right, and

18    that's the right to remain silent.

19          In a minute, I'm going to ask you a couple of

20    background questions about yourself.  And they're just so

21    that I feel comfortable that you're competent to proceed

22    today.

23          But what I'm not going to do is I'm not going to

24    ask you about the facts underlying your case and you're

25    under no obligation to talk about the facts underlying your

1    case because you have the right to remain silent.

2          So I want to make sure you understand, sir, this

3    proceeding is being audio-recorded.  So anything you do say

4    during this proceeding can be used against you down the

5    road including, if it gets to this point, a trial or a

6    sentencing.

7          Do you understand, sir?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Okay.  So let's talk about the

10   background questions I was talking about.

11         Can you tell me your date of birth, please, sir.

12         THE DEFENDANT:  May 31st, 1971.

13         THE COURT:  Okay.  And how far have you gone in

14   your education, Mr. Durning?

15         THE DEFENDANT:  Four year -- four-year college

16   degree.

17         THE COURT:  Okay.  And is English your native

18   language?

19         THE DEFENDANT:  Yes, it is, Your Honor.

20         THE COURT:  Okay.  I'm going to ask you a

21   yes-or-no question.  I do not want you to give me any

22   details.

23         In the last 48 hours, have you taken any drugs,

24   alcohol, or medication, including prescriptions?

25         THE DEFENDANT:  Yes.

```
 1              THE COURT:  Okay.  Have you taken any of those
 2    substances today?
 3              THE DEFENDANT:  Yeah.
 4              THE COURT:  Okay.  The substances you took in the
 5    last 48 hours, do they impact your ability to understand
 6    what's going on in this hearing right now?
 7              THE DEFENDANT:  No, Your Honor.
 8              THE COURT:  Okay.  Do you suffer from any mental
 9    disease or condition that impacts your ability to
10    understand what's going on in this hearing right now?
11              THE DEFENDANT:  No, Your Honor.
12              THE COURT:  Okay.  Thank you.
13              So now let's go over a couple of the other rights
14    that you have.
15              The first is under the Due Process Protections
16    Act.  As required by Rule 5(f), the United States is
17    ordered to produce all exculpatory evidence to the
18    defendant pursuant to Brady versus Maryland and its
19    progeny.  Failing to do so in a timely manner may result in
20    sanctions, including exclusion of evidence, adverse jury
21    instruction, dismissal of charges, and contempt
22    proceedings.
23              Now, there's two more rights, Mr. Durning, I
24    wanted to go over with you.  The first may or may not
25    apply, but I just tell everybody about it to be safe.  And
```

1    it's something called the right to consular notification.

2          And what that means, sir, is if you're not a

3    United States citizen, you have the right to ask the

4    United States Attorney or a United States law enforcement

5    officer to contact a consular office of your country of

6    nationality to let them know that you've been arrested and

7    charged with the offenses listed in the Complaint here.

8          You don't have to tell me today if you think that

9    right applies.  You don't even -- and I'm not even going to

10   ask you what your citizenship is.  But if you think that

11   right might apply, just talk to your attorney about it at a

12   later date.

13         Do you understand, Mr. Durning?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  Okay.  So the other right, speaking of

16   attorneys, is the right to an attorney.  You have the right

17   to be represented by an attorney at all proceedings in this

18   case.  That includes anything that occurs inside the

19   courthouse or outside the courthouse.

20         You have the right to be represented by an

21   attorney at all times that you're questioned by law

22   enforcement.

23         You have the right to hire an attorney of your

24   choosing; and if you cannot afford one, you have the right

25   to ask the Court to appoint one to represent you.

1          Do you understand your right to an attorney, sir?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Mr. Durning, do you remember filling

4    out earlier today a financial affidavit?

5          It talks about your assets and your income and

6    your expenses.

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Okay.  I have reviewed it, sir, and I

9    do find that you qualify for the appointment of counsel.

10          Would you like me to appoint an attorney to

11    represent you in this case?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  Okay.  I know it's a little confusing

14    because you've already got Ms. Mouakar sitting next to you,

15    but we need to do that formally.  So I'm going to enter a

16    written order appointing the Federal Public Defender's

17    Office to represent you.

18          Ms. Mouakar, as I stated, is an attorney from that

19    office.  More than likely she'll be handling your case.

20    But if she's not available, there's always an attorney from

21    that office that will be available to you.

22          Do you understand, sir?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Okay.  So let me turn to you now,

25    Ms. Mouakar.

```
1              Do you have a copy of the Complaint, ma'am?

2              MS. MOUAKAR:  Yes, Your Honor.

3              THE COURT:  Have you had an opportunity to review

4    it with your client?

5              MS. MOUAKAR:  Yes, Your Honor.

6              THE COURT:  Okay.

7              Mr. Durning, have you had enough time to ask

8    Ms. Mouakar any questions you may have about the Complaint?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Okay.  Do you need any more time now?

11             THE DEFENDANT:  No, your Honor.

12             THE COURT:  Okay.

13             What I'm going to do, then, at this point is I'm

14   going to ask the Assistant United States Attorney,

15   Ms. Chang, to summarize the charge in the Complaint, the

16   penalties that you may be facing.

17             And I just ask that you pay attention.

18             Go ahead, Ms. Chang.

19             MS. CHANG:  The defendant is charged with abusive

20   sexual contact of a minor on an aircraft in the special

21   aircraft jurisdiction of the United States, in violation of

22   Title 49, United States Code, Section 46506; and Title 18,

23   United States Code, Section 2244.

24             For this he faces not more than two years of

25   imprisonment, not more than one year of supervised release,
```

1  up to a $250,000 fine, a mandatory $100 special assessment,

2  and a $5,000 special assessment if the Court determines

3  that he is indigent -- not indigent.

4       THE COURT:  Thank you, Ms. Chang.

5       Do you understand the charge as it was just

6  summarized, Mr. Durning?

7       THE DEFENDANT:  Yes, Your Honor.

8       THE COURT:  Do you understand the penalties as

9  they were just summarized?

10       THE DEFENDANT:  Yes, Your Honor.

11       THE COURT:  Okay.  Do you need any time to talk to

12  your attorney about the penalties?

13       THE DEFENDANT:  Quickly, please --

14       THE COURT:  Sure.

15       THE DEFENDANT:  -- Your Honor.

16       THE COURT:  Go ahead.

17       (Defendant conferring with counsel.)

18       THE DEFENDANT:  I'm okay, Your Honor.

19       THE COURT:  Okay.  Very good, Mr. Durning.

20       So let me explain to you, you have the right to

21  something called a preliminary hearing.  And that's because

22  you've been charged with a Criminal Complaint as opposed to

23  an Indictment by a grand jury.

24       And what a preliminary hearing is, sir, is that

25  you have the right to ask the United States to present

1    evidence to the Court to establish that there's probable

2    cause that you committed the violation alleged in the

3    Complaint.

4          You can ask to have that hearing; you can waive

5    your right to have that hearing; you can ask to have that

6    hearing at a later date.

7          Do you understand, sir?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Okay.

10          So, Ms. Mouakar, what's your client's position on

11    the preliminary hearing?

12          MS. MOUAKAR:  Your Honor, at this time, we would

13    reserve as to any preliminary hearing.

14          THE COURT:  Okay.  Here's what I'm going to do

15    just to -- because I'm not sure -- I don't want this to

16    slip through the cracks.

17          Why don't I tentatively set a date for a

18    preliminary hearing since there's only going to be a

19    certain amount of time.  And then if you don't want it, you

20    can always ask to have it canceled.

21          MS. MOUAKAR:  We can do that, Your Honor.

22          I don't expect to ask for one, so if I may

23    suggest, Your Honor, if I can, instead, file a motion

24    requesting the preliminary hearing if we choose to proceed

25    that way, Your Honor.

1       THE COURT:  I think that's a much better

2  suggestion.  And I appreciate you clarifying that for me.

3  So that's what we're going to do.

4       So, Mr. Durning, I'm not going to have a

5  preliminary hearing today.  What your attorney just said is

6  she wants to reserve.  The reason I was talking about

7  scheduling is depending on whether or not you're detained

8  or not, there's only a certain amount of time within which

9  you can have that hearing.

10       But your attorney has just stated if you guys --

11  if you do want to have the hearing, you'll just file a

12  motion through your attorney and we'll get it on the

13  docket.

14       Do you understand, sir?

15       THE DEFENDANT:  Yes.  Thank you, Your Honor.

16       THE COURT:  Okay.  So, then, that brings us, I

17  think, to the last issue for the day which is detention or

18  release.

19       Ms. Chang, what is the United States' position?

20       MS. CHANG:  The United States is not seeking

21  detention.  We are requesting a release on certain

22  conditions.

23       THE COURT:  Okay.  And what -- let's go ahead and

24  go through -- I'm going to try to mark them all down, so I

25  ask that you speak a little slowly because I don't write

1 super fast.

2          And then what I'll do is, Ms. Mouakar, at the end,

3 I'll go over each one of them with you and see if you have

4 any objection.

5          MS. MOUAKAR:  Thank you, Your Honor.

6          THE COURT:  Okay.  So go ahead, Ms. Chang.

7          MS. CHANG:  We are asking for all of the Adam

8 Walsh conditions.

9          THE COURT:  Okay.  Including the computer ones?

10          MS. CHANG:  No, Your Honor.

11          THE COURT:  Okay.  So then I'm going to take my

12 handy-dandy cheat sheet, otherwise known as the pretrial

13 bail report.

14          And so the conditions you're asking for, then, to

15 be clear, are Pretrial Services supervision; travel and

16 residence restricted to Middle District of Florida and

17 Central District of California; that Mr. Durning will

18 refrain from direct or indirect contact with the victim,

19 witnesses, or the family of the victims or witnesses.

20          That he should not possess any firearm,

21 destructive device, or other dangerous weapon; and that he

22 will participate in a location monitoring program and abide

23 by all rules of the program, the global position satellite

24 monitoring/electronic monitoring, and pay all or part of

25 the cost as directed by Pretrial Services; and a curfew of

1    7:00 p.m. to 9:00 a.m.

2          Are those the conditions?

3          MS. CHANG:  Correct, Your Honor.  And just three

4    more.

5          THE COURT:  Okay.

6          MS. CHANG:  A few more.

7          THE COURT:  Go ahead.

8          MS. CHANG:  Surrender of his passport.

9          THE COURT:  Yep.

10         MS. CHANG:  Alcohol testing.

11         THE COURT:  Okay.

12         MS. CHANG:  Alcohol treatment.

13    Refraining from contact with any minor without

14    supervision of a responsible adult.

15         THE COURT:  Okay.

16         MS. CHANG:  Obtaining and maintaining legitimate

17    employment verified by Pretrial.

18         THE COURT:  Okay.

19         MS. CHANG:  And the standard conditions.

20         THE COURT:  And the five standards.

21         Okay.  So, Ms. Mouakar, before I put pen to paper

22    on the official order, what do you say about the Adam Walsh

23    conditions, including the monitoring and the curfew?

24         MS. MOUAKAR:  If I can just have a moment on that,

25    Your Honor.

 1            THE COURT:  Sure.

 2            (Defendant conferring with counsel.)

 3            THE COURT:  And, Ms. Chang, while Ms. Mouakar is

 4    talking to her client, who has Mr. Durning's passport at

 5    the present?  Was it confiscated from him at the airport?

 6            MS. CHANG:  I'm told that it's in his luggage.

 7            THE COURT:  Okay.

 8            (Defendant conferring with counsel.)

 9            MS. MOUAKAR:  Your Honor, as to the curfew, I

10    would ask to expand the hours.  Mr. Durning does two types

11    of work.  He sells gym equipment.  He also does real estate

12    licensing for commercial buildings.

13            And so between the hours -- he usually leaves for

14    work at 6:30, anywhere between 6:30 and 7:00 a.m.  And then

15    depending on traffic and so forth -- we're talking about in

16    California -- 9:00 p.m. is the latest he would be home.

17            So I would request for those hours from 9:00 p.m.

18    to 6:30 a.m. curfew.

19            THE COURT:  Ms. Chang, any objection to that?

20            MS. CHANG:  No, Your Honor.

21            THE COURT:  Okay.  So 9:00 p.m. to 6:30 a.m.

22            And then -- so let's go through the other ones,

23    Ms. Mouakar.

24            Any objection to Pretrial Services supervision or

25    restricting travel and residence to the Middle District of

1   Florida and Central District of California?

2           MS. MOUAKAR:  No, Your Honor.

3           THE COURT:  Any objection to refraining from

4   direct or indirect contact with the victim, witnesses, or

5   family of both?

6           MS. MOUAKAR:  No, Your Honor.

7           THE COURT:  Any objection to no firearms?

8           MS. MOUAKAR:  No, Your Honor.

9           THE COURT:  Any objection to location monitoring?

10          MS. MOUAKAR:  I would ask the Court to consider

11  the least restrictive means.  Conditions, I don't believe

12  that that is necessary given the Pretrial Services and the

13  curfew.  So I would object to that.

14          THE COURT:  Correct me if I'm wrong, Ms. Mouakar,

15  but isn't electronic monitoring a mandatory release

16  condition under the Adam Walsh Act?  I could be wrong.

17          MS. MOUAKAR:  I do believe so, Your Honor.  But I

18  do believe that the Court still has to go through an

19  analysis of the least restrictive means.  So I will -- for

20  that reason, Your Honor, I would object.

21          THE COURT:  I appreciate it.  Your objection is

22  noted.

23          What I'd like to do is instead of saying global

24  satellite is leaving it to the discretion of Pretrial

25  Services to which manner of location monitoring because

1    they don't know where Mr. Durning is going to be residing

2    and what will work best.

3            And what I would also suggest is once that's

4    established, if there's any problems with it, if it's going

5    to interfere with his employment, just file a motion with

6    the Court and we'll take it under advisement again.

7            MS. MOUAKAR:  Yes, Your Honor.

8            THE COURT:  Okay.

9            And then on the other conditions, on the passport

10   -- and I know you were talking with your client, but it

11   appears, according to Ms. Chang, Mr. Durning has his

12   passport in his luggage.

13           So what I would like to do is order him to turn it

14   in by 4:00 p.m. on Monday to the courthouse here.  And then

15   no new passport or travel documents.

16           Any objection to that?

17           MS. MOUAKAR:  Not at all, Your Honor.  If we can

18   somehow get it in today.  He flies out to California on

19   Monday.

20           THE COURT:  He can give it to you and you can drop

21   it off by 4:00 on Monday because the Clerk's Office closes

22   in 12 minutes.  So I don't think we're going to get it in

23   today.  But if you can, that's fine.  I'm just giving you

24   the deadline is 4:00 p.m. on Monday.

25           MS. MOUAKAR:  If I may drop -- do it in the

 1    dropbox of the Clerk's Office.  I know that's not --

 2              THE COURT:  No, ma'am.

 3              MS. MOUAKAR:  -- traditional.  I'm just not

 4    allowed to take client's property.

 5              THE COURT:  Okay.

 6              Then how do we want to do this, Ms. Chang?

 7    Because I don't think we can do it in the dropbox.  I would

 8    hesitate because I think it could be lost.

 9              What time is Mr. Durning's flight on Monday?

10              THE DEFENDANT:  7:00 a.m., Your Honor.

11              THE COURT:  7:00 a.m.  Okay.

12              Do you have it -- where's your luggage right now,

13    sir?  Do you know?

14              THE DEFENDANT:  I'm not totally sure.

15              THE COURT:  Ms. Chang, do you know where

16    Mr. Durning's luggage is right now?

17              MS. CHANG:  I believe it's in the custody of one

18    of the air marshals.

19              THE COURT:  And does that mean it's in the

20    courthouse right now or at least in your vehicle that's on

21    the premises of the courthouse, sir?

22              THE MARSHAL:  Yes, it's in a vehicle on the

23    premises, Your Honor.

24              THE COURT:  Okay.  Would you be willing to do

25    this, Ms. Chang?  And I don't know if this is allowed.

1   Could I have the officer give you the passport today and

2   have you turn it in by 4:00 p.m. on Monday?

3           MS. CHANG:  I don't know that --

4           Your Honor, I would rather the -- you know what?

5   We will settle it here.  I will have --

6           THE COURT:  I'm going to order it.

7           Here's what I'm going to do, Ms. Chang.

8           MS. CHANG:  Yes.

9           THE COURT:  I'm going to order you to turn it in.

10  Whether you do it or the officer does it is fine.

11          MS. CHANG:  Okay.

12          THE COURT:  But I'm going to request the

13  United States -- I'm going to request that, I'm sorry,

14  Officer -- what is your name, sir?

15          THE MARSHAL:  Darcangelis.

16          THE COURT:  I'm sorry.  I couldn't hear you.

17          THE MARSHAL:  Darcangelis.

18          THE COURT:  Do you want to spell that for me,

19  please.

20          THE MARSHAL:  D-A-R-C-A-N-G-E-L-I-S.

21          THE COURT:  Okay.  And is it officer or agent?

22          THE MARSHAL:  Agent, ma'am.

23          THE COURT:  Okay.  I'm going to direct Agent --

24  and I'm going to make it orally.  I'm not going to put this

25  in the release order because Mr. Durning is not going to be

1    able to do it.

2         I'm going to order Agent Darcangelis to turn over

3    Mr. Durning's passport today to United States Attorney's

4    Office.  I don't care which one of you drops it off by

5    4:00 p.m. on Monday.  But just somebody get it to the

6    Clerk's Office by 4:00 p.m. on Monday so we will have it in

7    our custody.

8         MS. CHANG:  And that's fine.

9         Actually, if the Court could just order me to do

10   it, because I have the same problem that Ms. Mouakar has,

11   I'm not supposed to be taking defendant's property.  So if

12   the Court orders me to do it, I'll do whatever the court

13   orders me to do.

14        THE COURT:  Let me try it this way.

15        Mr. Jackson.

16        (Pause in proceedings.)

17        THE COURT:  Okay.  We're going to do it this way.

18        And I apologize for confusing everybody on this.

19        Officer -- or, excuse me, Agent Darcangelis, I am

20   ordering you to turn the passport over to my courtroom

21   deputy, Mr. Jackson, before 4:30.  So you have 39 minutes

22   to go outside and bring it back in and get it to

23   Mr. Jackson.  And we'll take care of it that way.

24        THE MARSHAL:  Okay.

25        THE COURT:  Okay?

 1          And that way we don't have to worry about anybody,

 2   any attorney violating any laws.  I don't want -- or any

 3   procedures.

 4          So, Ms. Mouakar, let me turn back to you, then.

 5          Any objections, then, to any alcohol testing or

 6   treatment?

 7          MS. MOUAKAR:  No, Your Honor.

 8          THE COURT:  Any objection to no minor -- no

 9   contact with a minor without supervision of a responsible

10   adult?

11          MS. MOUAKAR:  No, Your Honor.

12          THE COURT:  And any objection to the maintained

13   verifiable employment, verified by Pretrial?

14          MS. MOUAKAR:  No, Your Honor.

15          THE COURT:  Okay.  Very good.

16          MS. MOUAKAR:  And just as a point of

17   clarification, Your Honor, the alcohol testing and

18   treatment, is that a prohibition against any use of alcohol

19   or is that a prohibition against excessive use of alcohol?

20          THE COURT:  That is a very good point.

21          I was inclined to do excessive use.  But unless

22   there's a reason that we need to look at it further,

23   Ms. Chang.

24          MS. CHANG:  Excessive use is --

25          THE COURT:  Okay.  Any objection to, then,

```
 1   refraining from excessive use?

 2            MS. MOUAKAR:  No, Your Honor.

 3            THE COURT:  Okay.

 4            And then do we want to put in here an address for

 5   Mr. Durning to be residing at?  Is there going to be an

 6   issue?

 7            I know there's an address in the pretrial bail

 8   report.  Or is that a concern?

 9            MS. CHANG:  It was represented to me, Your Honor,

10   that he would be residing with his -- with one of his

11   parents here in Florida and that he would be residing at

12   the address located in the Pretrial Services report with

13   his stepfather in California.  We would request those.

14            THE COURT:  Okay.  I'm trying to think the best

15   way to do this.

16            Mr. Durning is leaving on Monday --

17            MS. MOUAKAR:  Yes, Your Honor.

18            THE COURT:  -- to go back to California.

19            So -- and I'm assuming he's just staying

20   temporarily with his mother for the next couple of days?

21            MS. MOUAKAR:  Your Honor, his mother and father

22   have different addresses.

23            THE COURT:  I'm aware.

24            MS. MOUAKAR:  Okay.

25            THE COURT:  And so my understanding --
```

```
1              MS. MOUAKAR:  But there's three -- I'm sorry,

2    Your Honor.  Because his stepfather in California, that

3    address is his permanent address.

4              THE COURT:  Okay.

5              MS. MOUAKAR:  Here in Florida, he's got a mother

6    and a father.  They both live in separate but very close

7    proximity addresses, Your Honor.

8              THE COURT:  Okay.  And, again, on Monday morning

9    he's scheduled to go back to California.

10             MS. MOUAKAR:  Yes, to the address on the Pretrial

11   Service report.

12             THE COURT:  Okay.  Then I think what might be

13   easier, because by the time we get this paperwork in,

14   Mr. Durning is going to be heading back to California.

15             I'm just going to list the 2044 El Molino Avenue

16   address on the release order, and that's the California

17   address.

18             Any objection to that, Ms. Chang?

19             MS. CHANG:  No, Your Honor.

20             THE COURT:  Any objection to that, Ms. Mouakar?

21             MS. MOUAKAR:  No, Your Honor.

22             THE COURT:  Okay.

23             So what that means, Mr. Durning, is you're not to

24   switch addresses in California without telling Pretrial in

25   advance.
```

1          Do you understand, sir?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Okay.

4          (Pause in proceedings.)

5          THE COURT:  Okay.  Just bear with me while I write

6    all this down.

7          And I'm going to change your condition on

8    surrendering your passport since the agent is going to

9    bring it to Mr. Jackson.  I'm just going to put it as

10   immediately that way we don't have to worry about anybody

11   checking with us on Monday.

12         And then no new passport or travel documents.

13         (Pause in proceedings.)

14         THE COURT:  Okay.  I think I got them all.  Let me

15   make sure, just to recap.  Make sure I didn't miss anything

16   or get anything wrong.

17         We have the five standard conditions.  We have

18   that Mr. Durning will be subject to Pretrial Services

19   supervision.  Report as directed.

20         His residence will be 2044 El Molino Avenue,

21   Altadena, California, address.  Cannot be changed without

22   advance approval from Pretrial Services.

23         Refrain from having in the residence any firearms

24   or destructive devices.

25         Refrain from the excessive use of alcohol.

1           Surrender any passport immediately.  Not obtain

2    any new passport or travel documents.  Travel restricted to

3    Middle District of Florida and Central District of

4    California.

5           Maintain, actively seek, or commence legitimate

6    verifiable employment.

7           Refrain from any direct or indirect contact with

8    any victim, witness, or the family of any victim or

9    witness.

10          Location monitoring with a curfew from 9:00 p.m.

11   to 6:30 a.m.  And the location monitoring will be at the

12   discretion of Pretrial Services.

13          And not have any contact with minors without a

14   responsible adult present.

15          And alcohol testing and treatment at the request

16   of Pretrial Services.

17          Did I miss anything?

18          MS. CHANG:  No, Your Honor.

19          THE COURT:  All right.  That's a first.

20          Ms. Mouakar, last chance, any objections or

21   clarifications to any of those conditions?

22          MS. MOUAKAR:  No, Your Honor.

23          THE COURT:  All right.  Thank you very much.

24          And I appreciate you all bearing with me on this.

25          So, Mr. Durning, let me explain to you what's

1  going to happen, sir, because I know we've been doing a lot

2  of back and forth here.

3        You're going to get a copy of this document and

4  you're going to have to sign it.  Take as long as you need

5  to read through it.  Make sure you understand it.  Ask

6  Ms. Mouakar any questions.  Make sure you understand

7  everything you're agreeing to abide to.

8        Because, Mr. Durning, if I get a notice of what's

9  called a petition that you violated any of these

10 conditions, whether you think it's by a mistake or a

11 misunderstanding, what's going to happen is I'm going to

12 issue an arrest warrant for you.  You're going to come back

13 in here and we're going to have another conversation and

14 you may very well (inaudible.)

15       So in other words, what I like to say to everybody

16 is, ask permission first, not forgiveness.  Anything you

17 need clarification on, you talk to your attorney, you talk

18 to your Pretrial Services officer in advance.

19       Do you understand, sir?

20       THE DEFENDANT:  Yes, Your Honor.

21       THE COURT:  All right.  Very good.

22       With that, is there anything else we need to take

23 up today on behalf of the United States?

24       MS. CHANG:  No, Your Honor.  Thank you.

25       THE COURT:  Thank you very much.

1          Anything else, Ms. Mouakar, about your client?

2          MS. MOUAKAR:  No, Your Honor.  Thank you so much.

3          THE COURT:  And I want to thank everybody,

4     including the marshals, Pretrial, the CSOs, for being here

5     late.

6          You all have a good evening.

7          (Proceedings adjourned at 4:01 p.m.)

8                          * * * * *

9

10                    **C E R T I F I C A T E**

11

12          I certify that the foregoing is a correct

13     transcript from the record of proceedings in the

14     above-entitled matter to the best of my ability.

15

16     April 3, 2024

17

18     ___s\  Amie R. First_____

19     Amie R. First, RDR, CRR, CRC, CPE
       Federal Official Court Reporter
20     United States District Court
       Middle District of Florida

21

22

23

24

25