# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 22, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-13289-DD
Case Style: USA v. Brian Durning
District Court Docket No: 6:22-cr-00102-WWB-RMN-1

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
No costs are taxed.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
### For the Eleventh Circuit

_____

No. 23-13289

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

*versus*

BRIAN PATRICK DURNING,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00102-WWB-RMN-1

_____

Case 6:22-cr-00102-WWB-RMN   Document 179   Filed 08/22/24   Page 4 of 13 PageID 2941
USCA11 Case: 23-13289   Document: 36-1   Date Filed: 08/22/2024   Page: 2 of 11

2                    Opinion of the Court                    23-13289

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Brian Durning appeals his conviction and sentence of 60 months' imprisonment and 3 years of supervised release for assault resulting in bodily injury to a person under 16 years of age while on a plane. Durning asserts several issues on appeal, which we address in turn. After review, we affirm Durning's conviction and sentence.

## I. CONVICTION

### A. *Substantial Bodily Injury*

Durning contends there was insufficient evidence to establish that minor victim Z.B. suffered a substantial bodily injury. 18 U.S.C. § 113(a)(7) criminalizes an assault resulting in substantial bodily injury on an individual who has not attained the age of 16 years. The term "substantial bodily injury" is defined in relevant part to mean "bodily injury which involves . . . a temporary but substantial loss or impairment of the function of any bodily member, organ, or mental faculty." 18 U.S.C. § 113(b)(1)(B). Psychological trauma constitutes impairment of the function of a mental faculty. *See United States v. Keelan*, 786 F.3d 865, 872 (11th Cir. 2015).

There was sufficient evidence to support that Z.B. suffered substantial bodily injury. *See United States v. Broughton*, 689 F.3d 1260, 1276 (11th Cir. 2012) (reviewing *de novo* whether sufficient

Case 6:22-cr-00102-WWB-RMN   Document 179   Filed 08/22/24   Page 5 of 13 PageID 2942
USCA11 Case: 23-13289   Document: 36-1   Date Filed: 08/22/2024   Page: 3 of 11

23-13289                Opinion of the Court                3

evidence exists to support a conviction, viewing the evidence in the light most favorable to the Government and making all reasonable inferences and credibility choices in the Government's favor). Viewing the evidence in the light most favorable to the Government and making all reasonable credibility choices in its favor, the jury could have reasonably credited the testimony of Z.B. and her mother Stacey Sherretta to find that Z.B. suffered substantial bodily injury. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (stating we defer to a credibility determination by a factfinder "unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it" (quotation marks omitted)). Before the assault, Z.B., who had experienced selective mutism since she was a small child, had been making significant progress with making and maintaining friendships and participating in school, all of which was set back by the assault. Z.B. felt nauseous for the rest of the flight, suffered a panic attack immediately following the assault, and cried for several hours, including after they disembarked the plane. Witness Richard Krum corroborated this by describing that Z.B. appeared "completely traumatized," and Sherretta stated that Z.B. was "pretty much catatonic" during this time. For the rest of their time in Orlando, Z.B. showed no interest in their usual vacation activities, did not want to leave the house in which they were staying, and did not want to wear clothes or swim gear which would have exposed her legs. On their flight back to Los Angeles, Z.B. cried and displayed anxiety that Durning could be on the same flight.

| 4 | Opinion of the Court | 23-13289 |

      For a full year after the assault, Z.B. and her mother reported that Z.B. frequently slept in the same bed as her mother because she was scared, had nightmares, and had difficulty sleeping. She experienced anxiety, fear, and crying spells due to triggers associated with Durning's assault, such as her pediatrician and substitute teacher touching her legs and torso. Z.B. did not want to hang out with her friends or engage in other usual summertime activities, did not want to go to school, and typically wore oversized, baggy clothes which covered her entire body, including her hair. Sherretta reported that Z.B. missed upwards of 40 days of school between the assault and the trial, and Z.B. would often wake up, cry, and vomit before school; on the days when Z.B. went to school, Sherretta often had to pick her up early. Z.B.'s ongoing stress led to difficulty staying motivated with schoolwork, in turn leading to a significant drop in her grades, for which she had to receive intensive tutoring. Z.B. saw the school counselor and a professional therapist throughout the year. Z.B. also developed tics during this time, and six weeks before trial, Sherretta noticed that Z.B. cut herself on her thigh because of her anguish. Z.B. expressed to Sherretta anxiety regarding contact with boys and school dances, such as being afraid of or not knowing what to do if a boy attempted to hold her hand or kiss her.

      Taken together, the trial testimony of Z.B. and her mother is adequate to support beyond a reasonable doubt that Z.B. suffered psychological trauma, which constitutes impairment of a mental faculty. *See United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011) (stating when the Government relies on circumstantial

Case 6:22-cr-00102-WWB-RMN    Document 179    Filed 08/22/24    Page 7 of 13 PageID 2944
USCA11 Case: 23-13289    Document: 36-1    Date Filed: 08/22/2024    Page: 5 of 11

23-13289               Opinion of the Court                5

evidence to prove an element of the offense, reasonable inferences from the evidence must support the conviction, not mere speculation); *United States v. Henderson*, 693 F.2d 1028, 1030-31 (11th Cir. 1982) (providing circumstantial evidence is frequently more than sufficient to establish guilt beyond a reasonable doubt and the jury must decide whether to draw the inference between the evidence presented and the fact asserted); *Keelan*, 786 F.3d at 872; 18 U.S.C. § 113(b)(1)(B). Her ongoing anxiety and social adjustment troubles were evident in the testimony of her grades suffering, panic attacks and crying spells triggered by situations which reminded her of Durning, disinterest in things and people which she used to enjoy, and fear of physical contact with non-family members, especially men and boys. Such evidence is sufficient to support that Z.B. suffered a substantial bodily injury within the meaning of 18 U.S.C. § 113. Accordingly, we affirm as to this issue. *See United States v. Achey*, 943 F.3d 909, 913 (11th Cir. 2019) ("If a reasonable jury could conclude that the evidence establishes guilt beyond a reasonable doubt, the verdict will be affirmed." (quotation marks omitted)).

B. *Causation*

Durning also contends there was insufficient evidence that he caused Z.B.'s injury. A district court can find actual and proximate causation if the causal connection between the conduct of a defendant and the victim's suffering is "not too attenuated," either factually or temporally. *Keelan*, 786 F.3d at 873.

Sufficient evidence supports that Z.B.'s substantial bodily injury was caused by Durning. *See Broughton*, 689 F.3d at 1276; 18

Case 6:22-cr-00102-WWB-RMN Document 179 Filed 08/22/24 Page 8 of 13 PageID 2945
USCA11 Case: 23-13289 Document: 36-1 Date Filed: 08/22/2024 Page: 6 of 11

6                        Opinion of the Court                        23-13289

U.S.C. § 113(a)(7) (criminalizing assault "resulting in" substantial bodily injury). When viewing the evidence in the light most favorable to the Government and making all reasonable inferences and credibility choices in the Government's favor, the jury could have reasonably credited the testimony of witnesses as to causation. *See id.*; *Ramirez-Chilel*, 289 F.3d at 749. Z.B. and Sharon Joseph's testimony established that Durning touched Z.B. on her inner thigh. Z.B. also testified that Durning whispered to her that he would take her away from her family, rubbed his leg against her even after she moved away from him, touched her breast, and touched her hair and neck. Joseph, Z.B., Sherretta, Pedro Maldonado, and Krum all testified that Z.B. appeared extremely disturbed after the assault, had a panic attack for the hour following the assault, and cried for hours; several witnesses described Z.B. as "catatonic" or "clearly in a traumatic state" for the remainder of the flight and while driving to Z.B.'s family's destination in Orlando. Sherretta and Z.B. both reported that Z.B. had ongoing nightmares for almost a year afterward, which they attributed to the assault and which led Z.B. to want to sleep in the same bed as her mother, something Z.B. historically "never" did. Further, several of Z.B.'s particularly bad panic attacks during the year after the assault were associated with triggers traceable to Durning, including non-family adults touching her legs and torso.

Taken together, the trial testimony of Z.B., Sherretta, Joseph, Maldonado, and Krum is adequate to support beyond a reasonable doubt that Z.B.'s substantial psychological injury was caused by Durning's assault. *See Keelan*, 786 F.3d at 872; *Friske*, 640

Case 6:22-cr-00102-WWB-RMN   Document 179   Filed 08/22/24   Page 9 of 13 PageID 2946
USCA11 Case: 23-13289   Document: 36-1   Date Filed: 08/22/2024   Page: 7 of 11

23-13289                Opinion of the Court                7

F.3d at 1291; *Henderson*, 693 F.2d 1030-31. Her ongoing anxiety, sleep issues, and fear of physical contact with non-family members are traceable, both factually and temporally, to Durning's actions, and the causal connection is not so attenuated as to preclude a finding of actual and proximate causation. *See Keelan*, 786 F.3d at 873. Accordingly, we affirm as to this issue.

## II. SENTENCE

### A. Reasonableness

Durning asserts the district court abused its discretion in varying upward from the Guidelines range and imposing the statutory maximum sentence. A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). The factors for considering whether a sentence is unreasonable are set out in 18 U.S.C. § 3553(a) and include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. *United States v. Booker*, 543 U.S. 220, 260-61 (2005); 18 U.S.C. § 3553(a).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). The district

Case 6:22-cr-00102-WWB-RMN   Document 179   Filed 08/22/24   Page 10 of 13 PageID 2947
USCA11 Case: 23-13289   Document: 36-1   Date Filed: 08/22/2024   Page: 8 of 11

8                      Opinion of the Court                  23-13289

court may "attach great weight" to any single factor or combination of factors. *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) (quotation marks omitted). Further, when determining the defendant's sentence, a district court is "free to consider any information relevant to [the defendant's] background, character, and conduct." *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (quotation marks omitted). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in [§] 3553(a) is sufficient" to indicate the district court considered the relevant factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

The district court did not abuse its discretion in imposing a substantial upward variance to Durning's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (stating when reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard). While Durning's sentence is significantly above the Guidelines range for his conviction, this does not create a presumption of unreasonableness. *See United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) ("We do not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance."). At sentencing, the district court discussed each § 3553(a) factor before imposing Durning's sentence, focusing particularly on the nature and circumstances of the offense before

Case 6:22-cr-00102-WWB-RMN   Document 179   Filed 08/22/24   Page 11 of 13 PageID 2948
USCA11 Case: 23-13289   Document: 36-1   Date Filed: 08/22/2024   Page: 9 of 11

23-13289                Opinion of the Court                9

turning to each other factor.¹ The decision by the district court to attach great weight to the seriousness of the offense conduct, as well as Durning's history of alcohol-related criminal issues, was well within its discretion. *See Talley*, 431 F.3d at 786; *Clay*, 483 F.3d at 743; *Overstreet*, 713 F.3d at 638; *Tome*, 611 F.3d at 1379. The district court acknowledged several of Durning's positive personal characteristics, but most of the factors named by the district court were either neutral or weighed in favor of a longer sentence. Because the district court considered all the proper factors and did not consider any improper ones, and in the absence of a clear error of judgment in weighing those factors, the district court did not abuse its discretion in imposing an upward variance. *See Irey*, 612 F.3d at 1189.

B. Acquitted Conduct

Durning also contends the district court erred in considering acquitted conduct regarding the sexual nature of his offense. "[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997). We have

---

¹ The district court did not err in considering the sexual nature of Durning's offense or in considering Tabari Francis's testimony because both are part of the nature and circumstances of the offense. Additionally, the district court did not err in beginning to form an opinion about Durning's behavior toward Francis before Francis testified because Maldonado, who testified before Francis, had spoken about his belief that Durning was pretending to be asleep while sitting beside Francis.

Case 6:22-cr-00102-WWB-RMN   Document 179   Filed 08/22/24   Page 12 of 13 PageID 2949
USCA11 Case: 23-13289   Document: 36-1   Date Filed: 08/22/2024   Page: 10 of 11

10                    Opinion of the Court                23-13289

noted that, under our longstanding precedent, "relevant conduct of which a defendant was acquitted . . . may be taken into account in sentencing for the offense of conviction, as long as the Government proves the acquitted conduct relied upon by a preponderance of the evidence." *United States v. Cavallo*, 790 F.3d 1202, 1233 (11th Cir. 2015).

The district court did not err in considering acquitted conduct when determining Durning's sentence. *See United States v. Cantellano*, 430 F.3d 1142, 1144 (11th Cir. 2005) (reviewing *de novo* a constitutional challenge to a sentence). Our precedent and the precedent of the Supreme Court affirm that relevant acquitted conduct may be considered at sentencing. *See Watts*, 519 U.S. at 157; *Cavallo*, 790 F.3d at 1233. Furthermore, the testimony of Z.B., her mother Sherretta, and Joseph is sufficient to establish by a preponderance of the evidence that Durning's contact with Z.B. was sexual in nature. Accordingly, we affirm as to this issue.

C. *Sex Offender Treatment*

Durning further contends the district court abused its discretion in imposing sex offender mental health treatment as a condition of supervised release. The Sentencing Guidelines permit sentencing courts to impose any conditions of supervised release that are "reasonably related" to the § 3553(a) factors, so long as the conditions "involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth" in § 3553(a) "and are consistent with any pertinent policy statements issued by the Sentencing Commission." U.S.S.G. § 5D1.3(b); *see also United States v. Zinn*,

Case 6:22-cr-00102-WWB-RMN   Document 179   Filed 08/22/24   Page 13 of 13 PageID 2950
USCA11 Case: 23-13289   Document: 36-1   Date Filed: 08/22/2024   Page: 11 of 11

23-13289                Opinion of the Court                    11

321 F.3d 1084, 1089 (11th Cir. 2003). Although the nature and circumstances of the offense is one factor to consider, a special condition need not be related to the offense of conviction to be valid. *See United States v. Bull*, 214 F.3d 1275, 1276-78 (11th Cir. 2000). This is because "each factor [in § 5D1.3(b)] is an independent consideration to be weighed." *Id.* at 1278.

The district court did not abuse its discretion in imposing sex offender mental health treatment as a condition of supervised release. *See United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009) (reviewing the imposition of special conditions of supervised release for abuse of discretion); *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003) ("We will reverse only if we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached." (alteration in original)). The district court did not err in considering the sexual nature of Durning's offense, which in turn allowed the court to consider the need to address § 3553(a) factors as they relate to sex offenses. The fact that Durning was not convicted of a sex offense does not preclude the consideration of the sexual nature of his assault on Z.B. *See Bull*, 214 F.3d at 1276-78. Sex offender mental health treatment is reasonably related to several § 3553(a) factors, including protection of the public and rehabilitation. *See Moran*, 573 F.3d at 1139 (determining sex offender treatment protects the public because it can help defendants avoid similar future misconduct). Accordingly, the district court did not abuse its discretion in imposing sex offender mental health treatment.

**AFFIRMED.**