# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

BRIAN PATRICK DURNING

Case No. 6:22-cr-102-WWB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Delta Airlines, Inc.'s Motion for Copies of Trial Exhibits (Dkt. 180), filed August 30, 2024. Neither Defendant nor the United States has filed a response to the motion, and the time to do so has passed.

In this criminal case, Defendant sexually assaulted a 13-year-old girl while onboard a Delta Airlines flight. Dkt. 142 at 1 (government's sentencing memorandum). In June 2023, Defendant was convicted after a three-day jury trial. Dkt. 115 (jury verdict). The Court later dismissed two of the charged counts and imposed a sixty-month term of imprisonment on the remaining count, which charged Defendant with an assault resulting in a substantial bodily injury to a minor, in violation of 49 U.S.C. § 46506 and 18 U.S.C. § 113(a)(7). *See id.*; *see also* Dkts. 149 (judgment), 154 at 1 (statement of reasons). The Eleventh Circuit later affirmed the conviction and sentence. Dkt. 36.

Delta Airlines now asks the Court to direct the Clerk to provide it with copies of certain exhibits either admitted at trial or proposed on the government's exhibit list. Dkt. 180 at 1–2. Because Delta Airline did not indicate in its motion if it had conferred with any of the parties, the Court required Delta Airlines to confer with the parties and file a notice setting forth their positions on the relief requested. Dkt. 181. Delta Airlines states that counsel for Defendant, Brian Patrick During, has no objection to the request and that the United States objects to part of the request. *See* Dkt. 182 at 1.

The Court denies the motion. First, some materials sought implicate the privacy interests of the child victim. Delta Airlines does provide the position of the child victim, who is represented here by counsel. *See* Dkt. 152. The Court will not grant access to such materials unless the record is clear that Delta Airlines has notified the child victim's counsel about their request and provided the child victim an opportunity to be heard on the relief requested in the motion.

Second, the Clerk of this Court posts electronic copies of admitted exhibits to the official case docket in cm/ecf. Those copies are available to any person via PACER. In this case, some of the admitted exhibits are not posted in cm/ecf because of their size and formatting. Once a notice of appeal was filed, the Clerk forwarded those exhibits not available on

PACER to the Clerk of the Eleventh Circuit for that Court's consideration as part of the record on appeal. *See* Dkts. 117 (government's exhibit list with official copies of admitted exhibits attached), 162 (Clerk's certificate of readiness). The exhibits have not been returned. And so, regardless of the merits of Delta Airlines' request, its motion is denied to the extent that it seeks copies of admitted exhibits that are unavailable from PACER because the Clerk cannot presently provide copies.

As for Delta Airlines' request for exhibits that were not admitted at trial, the motion is denied with prejudice. Different courts have different practices. Some courts require parties to file copies of proposed trial exhibits. *In re Williams*, No. 15-71767, 2017 WL 6278764, at *1 (Bankr. W.D. Va. Dec. 8, 2017) (describing court order directing the filing of proposed exhibits). This Court did not do so. *See* Dkt. 32 (scheduling order). Exhibits that were not admitted at trial were not submitted to or maintained by the Clerk as part of the official record of the proceeding. The Clerk thus cannot provide copies of those exhibits.

Accordingly, it is **ORDERED** that Delta Airlines, Inc.'s Motion for Copies of Trial Exhibits (Dkt. 180) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on September 16, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record